IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH L. ROYAL, | ) | 4:08CV3239 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| HARRIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his original Complaint in this matter on December 2, 2008. (Filing No. 1.) Plaintiff has also filed a Motion for Copies (filing no. 11) and a Motion to Correct Defendants' Names (filing no. 12) that are currently pending before the court. Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 9.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.   **INITIAL REVIEW OF COMPLAINT**

   A.   **Summary of Complaint**

Plaintiff filed his original Complaint on December 2, 2008, against six individuals. (Filing No. 1 at CM/ECF p. 1.) Thereafter, Plaintiff filed an Amended Complaint that named two additional Defendants, including Scotts Bluff County Detention Center. (Filing No. 8 at CM/ECF p. 1.) Plaintiff then filed a Second Amended Complaint to add six new Defendants and new allegations.[1] (Filing No. 10

---

[1]The court will treat these Amendments as supplemental to the original Complaint for purposes of the Memorandum and Order. NECivR 15.1(b).

at CM/ECF p. 1.) In sum, Plaintiff names 14 Defendants. (Filing No. 1 at CM/ECF p. 1; Filing No. 8 at CM/ECF p. 1; Filing No. 10 at CM/ECF p. 1.)

Plaintiff sues Defendants Unknown Harris, Bruce Meier, Sean Suhr, Ron Johns, Jeremiah Bretthaver, Eddie Blanco, Jane Doe, and Mona Lopez in both their individual and official capacities. (Filing No. 8 at CM/ECF p. 5; Filing No. 10 at CM/ECF pp. 2-10.) Plaintiff sues the remaining six Defendants in their individual capacities only. (*Id*.)

Condensed and summarized, Plaintiff alleges that he asked to see a doctor for his knee and lower back injuries, but Defendants denied him an "examination . . . [for] over four months." (Filing No. 10 at CM/ECF p. 19.) Plaintiff alleges Defendants denied him an examination to save costs. (*Id*. at CM/ECF pp. 19-20.) Plaintiff also describes his injuries, and specifically states that he suffers from "swelling[,] information [sic], discomfort . . . [and a] tingling sensation running from his lower back to his knees . . . ." (*Id*. at CM/ECF p. 7.) In addition, Plaintiff alleges that his "pain medication [has] little to 'no effect.'" (*Id*.) Plaintiff seeks monetary relief in the form of nominal, punitive, compensatory and "special damages." (*Id*. at CM/ECF p. 8.) Plaintiff also seeks injunctive relief and any "other relief this court finds just and proper." (*Id*.)

### B.     Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**C.     Discussion of Claims**

      1.     Plaintiff's Claim Against Scotts Bluff County Detention Center

Plaintiff names the Scotts Bluff County Detention Center as a Defendant in this matter. (Filing No. 8 at CM/ECF pp. 1, 5.) The court liberally construes claims against the Scotts Bluff County Detention Center as claims against the Scotts Bluff County. As a municipal defendant, Scotts Bluff County may only be liable under section 1983 if its "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action

made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff alleges Defendant Scotts Bluff County "routinely" violates its own policies and procedures by "custom or practice as a cost saving measure." (Filing No. 10 at CM/ECF pp. 19-20.) Plaintiff alleges this practice prevented him from being "examined and diagnosed by an outside" doctor. (*Id.*) However, Plaintiff does not allege this practice was the moving force behind his injury, or that the municipality's policy-making officials received notice of the misconduct but were deliberately indifferent. (*Id.* at CM/ECF pp. 5-6.) As such, Plaintiff has not alleged sufficient facts to "nudge" his claim across the line from conceivable to plausible under parts two and three of the *Jane Doe* standard.

However, on its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to clearly state a claim upon which relief can be granted against Defendant Scotts Bluff County and to sufficiently allege a claim in accordance with parts two and three of the *Jane Doe* standard. Any amended complaint shall restate the allegations of Plaintiff's prior Complaints (filing nos. 1, 8, and 10), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's claims against Scotts Bluff County will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

   2. Plaintiff's Eighth Amendment Medical Claim

Plaintiff also asserts an Eighth Amendment claim relating to his medical care. A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn* 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle,* 429 U.S. at 103-104).

Here, Plaintiff alleges that despite his requests to see a doctor, Defendants denied him an "examination . . . [for] over four months." (Filing No. 10 at CM/ECF p. 19.) In addition, Plaintiff alleges that Defendants actions were "motivated by evil intent" and "deliberate indifference" to Plaintiff's serious medical needs. (*Id*. at

5

CM/ECF p. 8.) Liberally construed, these allegations "nudge" Plaintiff's Eighth Amendment claim across the line from conceivable to plausible. As a result, Plaintiff's claims against the remaining Defendants may proceed. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto. Because the court has granted Plaintiff 30 days to amend his Complaint, summonses will not be issued for these claims until Plaintiff has had an opportunity to amend his Complaint in accordance with this Memorandum and Order.

## II.     PLAINTIFF'S PENDING MOTIONS

### A.     Motion for Copies

The statutory right to proceed in forma pauperis does not include the right to receive copies of documents without payment. 28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973), other citations omitted). If Plaintiff requires copies of court documents, he should contact the Clerk of the court to determine the proper method of requesting and paying for copies. Plaintiff's Motion for Copies (filing no. 11) is denied.

### B.     Motion to Correct Defendants' Names

The court construes Plaintiff's Motion to Correct Defendants' Names (filing no. 12) as a Motion to Amend his Complaint. As discussed above, the court is already permitting Plaintiff to amend his Complaint to properly allege a claim against Defendant Scotts Bluff County. Therefore, Plaintiff's Motion to Amend his

Complaint is granted. If Plaintiff chooses to amend his prior Complaints (filing nos. 1, 8, and 10), in accordance with this Memorandum and Order, Plaintiff shall consolidate all of Defendants names into one document. Plaintiff is warned that failure to name all Defendants in one document will result in the abandonment of claims.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Copies (filing no. 11) is denied.

2. Plaintiff's Motion to Amend (filing no. 12) is granted.

3. Plaintiff's Eighth Amendment medical claims against Defendants may proceed. However, no summonses will be issued until Plaintiff has an opportunity to amend his Complaint in accordance with this Memorandum and Order.

4. Plaintiff shall have until **March 23, 2009**, to amend his Complaint to properly allege a claim against Defendant Scotts Bluff County. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Scotts Bluff County will be dismissed without further notice for failure to state a claim upon which relief may be granted, and summonses will be issued for Plaintiff's Eighth Amendment medical claims only, in accordance with this Memorandum and Order.

5. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing nos. 1, 8 and 10), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

6. No summonses will be issued until after Plaintiff has had an opportunity to amend his Complaint in accordance with this Memorandum and Order.

7.	The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **March 23, 2009**.

8.	Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

February 19, 2009.                                    BY THE COURT:

                                                      *s/Richard G. Kopf*
                                                      United States District Judge