IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH L. ROYAL, | ) | 4:08CV3239 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| HARRIS, Correctional Officer, in his | ) | |
| individual and official capacity, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on two Motions to Dismiss filed by Defendants. (Filing Nos. 36 and 38.) Also pending is Plaintiff's Motion to Correct Docket. (Filing No. 19.)

## I. BACKGROUND

Plaintiff Kenneth L. Royal filed his original Complaint in this matter on December 2, 2008. (Filing No. 1.) Thereafter, Plaintiff filed two Amended Complaints, which the court construed as supplemental to the original Complaint. (Filing No. 13 at CM/ECF p. 1.) On initial review, the court permitted Plaintiff an opportunity to file a third Amended Complaint. (Filing No. 13.) Plaintiff filed his third Amended Complaint on March 4, 2009. (Filing No. 14.) That same day, Plaintiff filed a Motion to Voluntarily dismiss Defendants Regional West Community Health and Medical Health Provider/Administrator, which the court granted. (Filing Nos. 15 and 16.)

After reviewing Plaintiff's third Amended Complaint, the court permitted Plaintiff's Eighth Amendment claims to proceed and dismissed Plaintiff's claims

against Scotts Bluff County Detention Center and Scotts Bluff County. (Filing No. 17.) Condensed and summarized, Plaintiff's third Amended Complaint alleges that Defendants denied him pain medication, failed to schedule him for reconstructive knee surgery and failed to house him on the jail's first floor. (Filing No. 14 at CM/ECF pp. 10-24.)

On June 16, 2009, Defendants Harris, Ron Johns, Jeremiah Brethaver, Eddie Blanco, Jane Doe, Mona Lopez, Trista Flores, Bruce Meier, Jim Lawson, and Sean Suhr (collectively the "County Defendants") filed a Motion to Dismiss and a Brief in Support. (Filing Nos. 36 and 37.) Defendants Dr. David Imes and Holly Johnston also filed a Motion to Dismiss along with a Brief in Support. (Filing Nos. 38 and 39.) Plaintiff has not responded to these Motions. (*See* Docket Sheet.)

## II.  STANDARD OF REVIEW

The standard on a motion to dismiss is the same as that previously applied on initial review of the Complaint. In short, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. COUNTY DEFENDANTS' MOTION TO DISMISS

The County Defendants argue that Plaintiff's claims against them should be dismissed because they fail to state a claim upon which relief may be granted. (Filing No. 37.) Although the court previously addressed this question in its February 19, 2009 Order, Plaintiff's third Amended Complaint contains allegations that affect the court's prior analysis. Specifically, Plaintiff's claims against Defendants Ron Johns and Sheriff Lawson are now clearly based on a "supervisor liability" theory. (Filing No. 14 at CM/ECF p. 23.) It is also now clear that Plaintiff was a pretrial detainee, rather than a prisoner, during the events that gave rise to this matter. (Filing No. 14 at CM/ECF p. 2.) The court will explore the impact of these clarifications in turn.

#### A. Plaintiff's Claims Against Johns and Lawson

"In a § 1983 case an official is only liable for his own misconduct and is not accountable for the misdeeds of his agents under a theory such as respondeat superior or supervisor liability." *Nelson v. Corr. Med. Services*, --- F.3d ----, 2009 WL 3151208, at \*10 (8th Cir. 2009) (citations and quotations omitted). Here, Plaintiff does not allege that Defendants Johns or Lawson personally harmed him. Instead, he alleges that they failed to properly supervise their employees. (Filing No. 14 at CM/ECF p. 23.) Because Plaintiff contends that Johns and Lawson are liable for the actions of their employees, Plaintiff fails to state a claim upon which relief may be granted. Accordingly, Plaintiff's claims against Johns and Lawson must be dismissed.

#### B. Plaintiff's Claims Against the Remaining County Defendants

Although Plaintiff's third Amended Complaint clarified his claims against Johns and Lawson, his allegations against the remaining County Defendants are relatively unchanged. (Filing No. 17.) On initial review, the court addressed the

question of whether Plaintiff's allegations against these Defendants failed to state a claim upon which relief may be granted under the Eighth Amendment's deliberate indifference standard. (Filing Nos. 13 and 17.) At that time it was unclear if Plaintiff was a pretrial detainee or a prisoner when the events occurred that gave rise to his current claims.

Regardless of whether Plaintiff was a pretrial detainee or a prisoner, the deliberate indifference standard still applies to his claims. It is now settled "that deliberate indifference is the appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, medical care, and reasonable safety." *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006); *see also Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (concluding that a pretrial detainee asserting a claim for cruel and unusual punishment does so under the Fourteenth Amendment because punishment, as contemplated by the Eighth Amendment, cannot occur until after "a formal adjudication of guilt in accordance with due process of law."). "To prevail on a[] . . . claim of deliberate indifference to serious medical needs, a [pretrial detainee] must prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999).

Because the deliberate indifference standard is the same for both pretrial detainees and prisoners, the court's analysis of Plaintiff's claims against the remaining County Defendants remains unchanged. However, Plaintiff's claims arise under the Fourteenth Amendment rather than the Eighth Amendment. Thus, for the reasons set forth in the court's February 19, 2009 and April 16, 2009 Memorandum and Orders, Plaintiff has set forth sufficient facts to nudge his Fourteenth Amendment claims against the remaining County Defendants across the line from conceivable to plausible. While Plaintiff's claims may not ultimately withstand a motion for summary judgment, they are enough to withstand a motion to dismiss.

In sum, the County Defendants' Motion to Dismiss is granted in part and denied in part. It is granted as it pertains to Defendants Johns and Lawson and denied as it pertains to the remaining County Defendants.

### *IV. IMES AND JOHNSTON'S MOTION TO DISMISS*

Defendants Imes and Johnston also argue that Plaintiff's allegations against them must be dismissed because they fail to state a claim upon which relief may be granted. (Filing No. 39.) The court agrees.

As discussed above, to prevail on a deliberate indifference to serious medical needs claim, a pretrial detainee must prove that he suffered from one or more objectively serious medical needs, and that the defendant actually knew of but deliberately disregarded those needs. *See generally Roberson*, 198 F.3d at 647. In its February 19, 2009 Order, the court concluded that Plaintiff's allegations, when construed liberally, were sufficient for the court to assume that his knee injury was a serious medical need. (*See* Filing No. 13.) However, even under the most liberal construction, Plaintiff has not alleged that Defendants Imes and Johnston deliberately disregarded that need. In fact, Plaintiff only alleges that Imes and Johnston chose not to recommend that he undergo knee surgery. (Filing No. 14 at CM/ECF pp. 20, 24.) While Plaintiff's allegations against Imes and Johnston may rise to the level of negligence or medical malpractice, they certainly do not amount to "deliberate indifference." *Phillips v. Jasper County Jail*, 437 F.3d 791, 795 (8th Cir. 2006) (concluding that a prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that mere negligence or medical malpractice are insufficient to rise to a constitutional violation).

In light of these findings, Defendants Imes and Johnston's Motion to Dismiss is granted and Plaintiff's claims against them are dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. The County Defendants' Motion to Dismiss (filing no. 36) is granted in part and denied in part. Plaintiff's claims against Defendants Johns and Lawson are dismissed without prejudice.

2. Defendants Imes and Johnston's Motion to Dismiss (filing no. 38) is granted. Plaintiff's claims against Defendants Imes and Johnston are dismissed without prejudice.

3. Plaintiff's Motion to Correct Docket (filing no. 19), which addresses Plaintiff's claims against Defendant Imes, is denied as moot.

4. In accordance with Federal Rule of Civil Procedure 12(a)(4)(A), Defendants shall file their answer no later than 10 days from the date of this Memorandum and Order.

5. A separate progression order will be entered progressing this matter to final disposition.

October 19, 2009.                               BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.